[Cite as *In re Tsai*, 2013-Ohio-2827.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| IN THE MATTER OF | : | **O P I N I O N** |
| ING H. TSAI | | |
| | : | **CASE NO. 2012-L-125** |

Appeal from the Lake County Court of Common Pleas, Probate Division, Case No. 09 GU 0127.

Judgment: Reversed and remanded.

*Paul W. Flowers,* Paul W. Flowers Co., L.P.A., Terminal Tower, 35th Floor, 50 Public Square, Cleveland, OH 44113-2216, and *Kimberly J. Baranovich,* The O'Brien Law Firm, L.L.C., 38027 Euclid Avenue, Willoughby, OH 44094 (For Appellants, Kathleen L. Leber and Ling Zhang).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellants, Kathleen L. Leber and Ling Zhang, co-guardians of Ing H. Tsai, appeal from the judgment of the Lake Count Court of Common Pleas, Probate Division, adopting the magistrate's decision. At issue is whether the trial court was authorized to render a substantive judgment on the issue of guardianship fees where the magistrate's decision, which it adopted, concluded more evidence was necessary to adjudicate the matter. For the reasons discussed below, the judgment of the trial court is reversed and remanded.

{¶2} On August 27, 2009, a guardianship estate was opened for Tsai's person and estate. After a physician's evaluation, Tsai was diagnosed with moderate dementia due to Alzheimer's Disease. Tsai's brothers, one living in California and one living in

Illinois, consented in writing to appellants' appointment and approved appellants as co-guardians. Given the circumstances, appellants were appointed to serve as co-guardians.

**{¶3}** Over the next several years, the co-guardians assisted Tsai in managing her personal affairs as well as her substantial estate. Throughout the course of the guardianship, appellants prepared and submitted necessary accountings addressing Tsai's financial holdings, real estate, income, and expenses. In October 2011, the record indicates Tsai moved to California to live with certain family members and a conservatorship was established for Tsai in that state. The guardianship remained opened in Ohio, however, to continue managing properties Tsai owned in Lake and Ashtabula counties. There is no dispute regarding the necessity of continuing the guardianship in Ohio.

**{¶4}** In December 2011, appellants moved the trial court to release funds from the estate to pay attorney fees relating to the administration of Tsai's guardianship estate. After reviewing the motion, the magistrate found "there was significant time and labor involved in administering the guardianship and many novel and difficult issues." The magistrate granted the motion and the trial court adopted the magistrate's decision.

**{¶5}** In March 2012, appellants filed a Second Partial Account that detailed Tsai's balances from her multiple accounts, income, and itemized expenses. The co-guardians' fees were calculated at $233,346.18, which represented the fees calculated from both the first and second accounting. In early April 2012, Tsai's siblings sent a letter to the probate court questioning the fee computation. Tsai's siblings acknowledged the work of the co-guardians, but requested a "justification" for the

2

significant fee. The siblings also expressed their belief that only Appellant-Leber was needed to manage the estate because Tsai resided in California and no longer required the type of personal assistance that Appellant-Zhang formerly provided.

**{¶6}** In June 2012, a hearing was held at which the magistrate asked counsel for the co-guardians to file an application for the fees, setting forth what was specifically accomplished to justify the amount. The hearing adjourned and counsel subsequently filed the application pursuant to the court's request. The application described the work of the co-guardians and calculated the fee using the monetary value of the estate (taken from the March 2012 accounting) and formulae set forth in Lake County Probate Rule 73.1 (governing guardianship fees).[1]

**{¶7}** After considering the application, the magistrate issued her decision, noting the probate court's considerable discretion in determining fees in a guardianship case. She also observed that, while Loc.R. 73.1 provides the formulae used by appellants for calculating their fees, that rule also provides that the fees for services shall *not exceed* amounts generated by those formulae. Implicitly acknowledging that, while appellants may be entitled to the amount calculated, that amount represents the ceiling fee for guardian compensation under the rule. The magistrate consequently concluded additional evidence was necessary to rule on the reasonableness of the fees. The magistrate therefore determined an evidentiary hearing would be held on that issue "upon further order of the court." The decision further gave the parties notice that they could file written objections to the decision within 14 days from the date of its filing.

---

1. Lake County Probate Loc.R. 73.1 provides, in relevant part: "Guardians, unless otherwise provided by law, are allowed an amount for ordinary services not to exceed the following: (A) 4% on all amounts received and 4% on all amounts paid out during accounting periods on sums not exceeding $100,000. (B) 3% on all amounts received and 3% on all amounts paid out during accounting periods on sums in excess of $100,000."

**{¶8}** The parties ordered a transcript of the June hearing, but filed no objections to the magistrate's decision. And, despite the magistrate's decision that more evidence was necessary to rule on the fee issue, no hearing was scheduled. Notwithstanding this irregularity, on October 17, 2012, the trial court issued a judgment which purported to adopt the magistrate's decision in full. In doing so, however, the trial court concluded that "guardian fees in the amount of $233,346.18 are excessive. The court finds that payment of $85,000 to Kathleen L. Leber and 40,000 to Ling Zhang are reasonable fees based upon the work performed by each co-guardian." Appellants have filed a timely appeal from this judgment.

**{¶9}** Appellants assign two errors for this court's review. Their first assignment of error provides:

**{¶10}** "The probate judge erred, as a matter of law, by prematurely adjudicating the application for co-guardian fees before the magistrate had conducted a hearing."

**{¶11}** Appellants contend the trial court committed prejudicial error when it adopted the magistrate's decision, which underscored the necessity of hearing additional evidence to adjudicate the substantive issue of the reasonableness of fees, but nevertheless concluded, without the benefit of such evidence, that the fees were excessive. We agree.

**{¶12}** In this case, the matter came before the magistrate, who, in her decision, decided further evidence was necessary to resolve the reasonableness of the co-guardians' fee application. No objections were filed to this decision. Civ.R. 53(D)(4)(C) directs that, if no objections to a magistrate's decision are filed, "the court may adopt the

4

magistrate's decision, unless it determines that there is an error of law or other defect on the face of the magistrate's decision."

{¶13} In this case, the court adopted the magistrate's decision without qualification. The only conclusion rendered by the magistrate in that decision, however, was procedural; namely, that further evidence was necessary to resolve the substantive issue. Hence, the trial court, by adopting the magistrate's decision, determined a hearing would be required to properly resolve the matter of fees. Instead of conducting a hearing, however, the trial court proceeded to resolve the substantive issue by finding the fee request excessive and reducing the amounts to which the co-guardians were entitled. Under these circumstances, we hold the trial court's action was inherently inconsistent and therefore unreasonable.

{¶14} Furthermore, by resolving the substantive issue without a hearing, the trial court's ultimate conclusion runs afoul of basic tenets of due process. Due process requires, at a minimum, notice and an opportunity for hearing appropriate to the nature of the case. *Armstrong v. Manzo*, 380 U.S. 545, 550 (1965). Even though the parties had previously convened for a hearing and had the opportunity to submit their application and argument in support of fees via a written memorandum, the magistrate concluded the available information was still insufficient to draw a fully informed conclusion on the fee issue. The magistrate's decision consequently specified that, given the law and the facts of this case, the issue of the reasonableness of appellants' fee request required additional evidence.

{¶15} The magistrate's decision functioned to notify appellants that the court would schedule that hearing by order at a later date. No order was ever issued.

Instead, the trial court simply concluded that the fees were excessive without the benefit of the additional evidence that, by its adoption of the magistrate's decision, it conceded was necessary. In doing so, the trial court deprived appellants of an opportunity to be heard, and provide a foundation for, the reasonableness of their request. The potentially deleterious impact on appellants' right to due process provides an additional, independent basis for reversing the trial court's judgment.

{¶16} Appellants' first assignment of error has merit.

{¶17} Appellants' second assignment of error provides:

{¶18} "The probate judge abused his discretion in determining that the guardian fees that had been calculated in accordance with Loc.Prob.R. 73.1 were excessive and imposing an unreasonable amount under the circumstances."

{¶19} We have already concluded the trial court could not, without taking additional evidence, draw a substantive conclusion on the issue of the reasonableness of fees. The point is, the court may, after taking additional evidence, find the fee request excessive; without such evidence, however, such a conclusion is premature. We therefore hold our resolution of appellant's first assignment of error renders appellants' second assignment of error moot.

{¶20} For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas, Probate Division, is reversed and the matter is remanded for further proceedings.


THOMAS R. WRIGHT, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.


6

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶21} I respectfully dissent.

{¶22} The majority contends the probate court was not authorized to render a substantive judgment on the issue of guardianship fees where the magistrate's decision concluded that more evidence was necessary to adjudicate the matter. The majority asserts the probate judge erred by prematurely adjudicating the application for co-guardian fees, before the magistrate had conducted another hearing, in violation of appellants' due process rights. I disagree.

{¶23} The probate court has exclusive jurisdiction to appoint and remove guardians, to control their conduct, and settle their accounts. R.C. 2101.24(A)(1)(e). "The probate court has plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by a section of the Revised Code." R.C. 2101.24(C). "At all times, the probate court is the superior guardian of wards who are subject to its jurisdiction, and all guardians who are subject to the jurisdiction of the court shall obey all orders of the court that concern their wards or guardianships." R.C. 2111.50(A)(1).

{¶24} The Ohio Revised Code contemplates that the probate judge relies upon the evidence before him, including letters, reports, representations, as well as any evidence or argument advanced by the parties or their counsel. *See, e.g., In re Guardianship of Volkert*, 10th Dist. No. 95APF03-265, 1995 Ohio App. LEXIS 4089, *5 (Sept. 21, 1995); *In re Guardianship of Lauder*, 150 Ohio App.3d 277, 2003-Ohio-406,

7

¶41 (10th Dist.2003). There is no requirement in the Revised Code that a hearing must be held at all, let alone a constitutional right to additional hearings after ones were already held.

{¶25} In this case, the record reveals that the parties convened for a hearing in June 2012, and had the opportunity to submit their application and argument in support of fees via a written memorandum. The magistrate concluded that additional evidence was necessary to rule on the reasonableness of appellants' fee request and determined an evidentiary hearing would be held on that issue "upon further order of the court." However, the probate judge concluded that the guardian fees in the sum of $233,346.18 were excessive and found that payment of $85,000 to Kathleen Leber and $40,000 to Ling Zhang was reasonable based upon the work performed by each co-guardian. Although the majority contends the probate judge erred by issuing a judgment on the issue of fees without holding a hearing, they fail to cite to any authority to support their contention. Rather, the majority merely relies on *Armstrong v. Manzo*, 380 U.S. 545, 550 (1965), for the general tenet that "[d]ue process requires, at a minimum, notice and an opportunity for hearing appropriate to the nature of the case."

{¶26} Upon consideration, this writer believes the probate judge properly exercised his jurisdiction and based his decision in part upon the evidence before him, including the application for guardianship fees. Contrary to the majority's assertion that another hearing was required, I fail to see that appellants were deprived of their constitutional rights to due process.

{¶27} Accordingly, I would affirm the judgment of the probate court.

8